# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON JESSUP, | 1:04-CV-5752 OWW LJO HC |
| Petitioner, | |
| | FINDINGS AND RECOMMENDATION |
| v. | REGARDING PETITION FOR WRIT OF |
| | HABEAS CORPUS |
| | |
| | [Doc. #1] |
| D. ADAMS , Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

On November 20, 1999, Petitioner was convicted in the Tulare County Superior Court by guilty plea to driving while intoxicated in violation of Cal. Vehicle Code § 23152(B). See p. 2, Petition for Writ of Habeas Corpus (hereinafter "Petition"). On April 26, 2001, a sentencing hearing was held. See Exhibit D, Respondent's Answer to the Petition (hereinafter "Answer"). Three of the four prior strikes were stricken leaving one strike as a sentencing enhancement. Id. Petitioner was sentenced to serve a total determinate term of six years in state prison. Id.

On December 7, 2001, the superior court corrected the abstract of judgment to reflect that

Petitioner's term was enhanced under Cal. Penal Code § 1170.12 based on the remaining prior. See Exhibit E, Answer. An amended minuted order was issued which stated that three of the four strikes had been stricken leaving one strike as a sentencing enhancement. See Exhibit F, Answer.

Petitioner then filed a petition for writ of habeas corpus in the Tulare County Superior Court alleging that he was not being allowed to earn half-time credits during his incarceration despite being eligible to do so. See Exhibit G, Answer. The superior court denied the petition on August 19, 2002. Id. On November 23, 2002, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. See Exhibit C, Answer. On May 12, 2004, the petition was summarily denied. See Exhibit B, Answer.

On May 24, 2004, Petitioner filed the instant federal petition for writ of habeas corpus. Petitioner claims the California Department of Corrections ("CDC") is refusing to allow him to earn half-time credits toward his sentence thereby prolonging his sentence. He claims he is eligible to earn credits on a day-for-day rate. Respondent filed an answer to the petition on October 19, 2004, and Petitioner filed a traverse to the response on November 15, 2004.

**DISCUSSION**

I.  Standard of Review

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

Petitioner is in custody of the California Department of Corrections pursuant to a state court judgment. Even though Petitioner is not challenging the underlying state court conviction, 28 U.S.C. § 2254 remains the exclusive vehicle for his habeas petition because he meets the threshold requirement of being in custody pursuant to a state court judgment. White v. Lambert, 370 F.3d 1002, 1006 (9th Cir.2004); Sass v. California Board of Prison Terms, 2005 WL 1406100, *2 (E.D.

1   Cal.2005); see 28 U.S.C. § 2254(a) (This Court may entertain a petition for writ of habeas corpus "in

2   behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is

3   in custody in violation of the Constitution or laws or treaties of the United States.").

4        The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death

5   Penalty Act which became effective on April 24, 1996.  Lockyer v. Andrade,  538 U.S. 63, 70

6   (2003).  Under the AEDPA, an application for habeas corpus will not be granted unless the

7   adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable

8   application of, clearly established Federal law, as determined by the Supreme Court of the United

9   States" or "resulted in a decision that was based on an unreasonable determination of the facts in

10  light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer,

11  538 U.S. at 70-71; see Williams, 529 U.S. at 413.

12       As a threshold matter, this Court must "first decide what constitutes 'clearly established

13  Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71,

14  quoting 28 U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this Court

15  must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time

16  of the relevant state-court decision." Id., quoting Williams, 592 U.S. at 412. "In other words, 'clearly

17  established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by

18  the Supreme Court at the time the state court renders its decision." Id.

19       Finally, this Court must consider whether the state court's decision was "contrary to, or

20  involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72,

21  quoting 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the

22  writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

23  question of law or if the state court decides a case differently than [the] Court has on a set of

24  materially indistinguishable facts."  Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72.

25  "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state

26  court identifies the correct governing legal principle from [the] Court's decisions but unreasonably

27  applies that principle to the facts of the prisoner's case."  Williams, 529 U.S. at 413.

28       "[A] federal court may not issue the writ simply because the court concludes in its

1   independent judgment that the relevant state court decision applied clearly established federal law

2   erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 411.  A

3   federal habeas court making the "unreasonable application" inquiry should ask whether the state

4   court's application of clearly established federal law was "objectively unreasonable."  Id. at 409.

5   Petitioner has the burden of establishing that the decision of the state court is contrary to or

6   involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle,

7   94 F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the states,

8   Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court

9   decision is objectively unreasonable.  See Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir.2003);

10  Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

11  AEDPA requires that we give considerable deference to state court decisions. The state

12  court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). We are bound by a state's

13  interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), cert. denied, 537

14  U.S. 859 (2002), rehearing denied, 537 U.S. 1149 (2003).

15  II.  Analysis of Claim

16  Petitioner claims he should be allowed to earn credit against his sentence on a day-for-day, or

17  half-time, basis rather than the twenty percent basis he is currently earning. Petitioner contends the

18  CDC is wrongfully prolonging his sentence by denying him the ability to earn these additional

19  credits, despite his eligibility to do so.

20  The Court first notes that Petitioner does not allege a violation of the Constitution or federal

21  law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner

22  does not allege that the adjudication of his claims in state court "resulted in a decision that was

23  contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or

24  resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28

25  U.S.C. § 2254. Petitioner's claim involves the application of a state sentencing law, and generally,

26  issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991)

27  ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "),

28  quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993)

1  (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a

2  constitutional violation, may not be corrected on federal habeas"); Tinsley v. Borg, 895 F.2d 520,

3  530 (9th Cir.1990), cert. denied, 498 U.S. 1091 (1991) ("incorrect" evidentiary rulings are not the

4  basis for federal habeas relief). In addition, federal courts are bound by state court rulings on

5  questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493

6  U.S. 942 (1989). Therefore, Respondent correctly argues that the claim in not cognizable.

7      Moreover, Petitioner's claim is completely without merit. As previously set forth, the

8  sentencing court struck three of the four priors leaving one strike as a sentencing enhancement.

9  Pursuant to Cal. Penal Code § 1170.12(a)(5), an inmate with a prior felony conviction may not be

10  awarded credits that exceed one-fifth of the total term imposed. Therefore, Petitioner is properly

11  receiving credit on a twenty percent, or one-fifth, basis.

12                                   **RECOMMENDATION**

13      Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be

14  DENIED with prejudice and the Clerk of Court be DIRECTED to enter judgment for Respondent.

15      This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United

16  States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304

17  of the Local Rules of Practice for the United States District Court, Eastern District of California.

18  Within ten (10) court days (plus three days if served by mail) after being served with a copy, any

19  party may file written objections with the court and serve a copy on all parties.  Such a document

20  should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to

21  the objections shall be served and filed within ten (10) court days (plus three days if served by mail)

22  after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to

23  28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified

24  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

25  Cir. 1991).

26  IT IS SO ORDERED.

27  **Dated:    August 30, 2006**              _____/s/ Lawrence J. O'Neill_____
    b9ed48                                    UNITED STATES MAGISTRATE JUDGE

28